ROSA, DEMANDANTE Y APELANTE, *v.* SUCESIÓN GARCÍA, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de Arecibo en pleito sobre cobro de dinero.

No. 3029.—Resuelto en diciembre 7, 1923.

HERENCIA—ACEPTACIÓN DE LA HERENCIA A NOMBRE DE MENORES—BENEFICIO DE INVENTARIO.—Aún admitiendo que al renunciar la herencia la madre juntamente con los hijos mayores la aceptó tácitamente para los menores, tal aceptación debería siempre entenderse a beneficio de inventario.

ID.—ID.—REPUDIACIÓN DE LA HERENCIA.—No es posible concluir que constituye una aceptación tácita de la herencia que la sucesión del deudor había repudiado por escritura pública, el hecho de que los herederos habían sido demandados por otro acreedor quien cobró su deuda mediante subasta pública de una finca de dicha sucesión, cuando lo cierto es que ésta no contestó la demanda ni compareció en el pleito; un acto así aislado sin demostrarse

que los herederos estaban en posesión de los bienes relictos no es bastante para establecer la presunción que prescribe la ley.

Id.—Prueba de la Aceptación de la Herencia.—Un demandante que alega en su demanda que los demandados eran los herederos del deudor, no puede oponerse a la admisión de la escritura en que tales herederos repudiaron la herencia bajo el fundamento de que no existía una declaratoria de herederos.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. L. Mercader.*

Abogado de la apelada: *Sr. José R. Aponte.*

El Juez Asociado Sr. Franco Soto, emitió la opinión del tribunal.

Lucas Rosa Ruiz estableció demanda contra la sucesión de Juan García Reyes reclamando cierta suma de dinero, procedente de una obligación suscrita por el causante.

En la demanda se alega que Juan García Reyes falleció sin testar, dejando por sus únicos herederos a su viuda y cinco hijos, quienes aceptaron la herencia y que ni el causante ni tampoco sus herederos han pagado el importe de la obligación reclamada.

La sucesión demandada hizo una negativa general de los hechos y además alegó que la herencia había sido repudiada y que los herederos no estaban en la obligación de satisfacer la deuda.

Se dictó sentencia por la corte inferior declarando sin lugar la demanda, y contra la misma se interpuso el presente recurso.

Dos errores han sido asignados por el apelante, y versan sobre apreciación de las pruebas y la denegación de la corte para admitir prueba de refutación (*rebuttal*).

La única cuestión que se discute en la opinión en que funda su sentencia la corte inferior es la relativa a si los demandados aceptaron o nó la herencia. La conclusión fué negativa y la corte llegó a ese resultado después de pesar la prueba contradictoria presentada por una y otra parte.

El 2 de septiembre de 1922 la viuda y tres de los hijos mayores de edad otorgaron escritura renunciando la heren-

cia de su causante Gerónimo García Ruiz. La demanda de este caso fué archivada el 7 de septiembre de 1922.

El esfuerzo del apelante tiende a quitarle todo valor a ese documento, sosteniendo: 1°., que no ha sido otorgado por todos los componentes de la sucesión, y 2°., presentando ciertos actos aislados de los herederos como indicativos o equivalentes de una aceptación.

La ley nos dice los casos en que una vez hechas, tanto la aceptación como la repudiación de una herencia, pueden ser impugnadas. Esto sólo puede hacerse cuando adolecieren de algunos de los vicios que anulen el consentimiento, o apareciere un testamento desconocido. Art. 963 del Código Civil. Y en la prueba del demandante nada existe en relación con esta previsión de la ley.

La repudiación que hicieron los tres hijos mayores en nada afecta la situación legal de los dos hijos menores de edad. Partiendo aún del erróneo concepto que sostiene el apelante que el acto de repudiación de los mayores de edad pudiera traducirse en una renuncia a favor de dichos menores de edad, la herencia en cuanto a estos últimos tenía que entenderse siempre aceptada a beneficio de inventario. Es cierto que tanto el Código Civil español como el nuestro revisado, no dicen que los padres al aceptar la herencia de sus menores hijos, se entienda aceptada a beneficio de inventario, pero Scaevola, al comentar el artículo 996, equivalente al 959 de nuestro código, dice que del mismo modo que se ha dicho respecto del tutor y de los pobres y del sordomudo, que la herencia se entiende aceptada por su representante legal a beneficio de inventario, debe decirse del padre; y a este respecto añade:

"Es también principio de derecho que la ley dictada para un caso debe aplicarse a todos los demás que tiendan a la misma utilidad. Este principio está recibido en las leyes y en la jurisprudencia del Tribunal Supremo. *Ubi eadem est ratio eadem debet esse dispositio juris.* Ahora bien: ¿se dirá que hay violencia en

considerar semejantes el caso del padre y el del tutor? Fuera del vínculo que los une con el menor, ¿qué diferencia hay en la situa-ción que les produce la herencia cedida? Uno y otro obran por representación; en uno y otro caso se trata de no perjudicar al menor, sino de ejercitar sus derechos de la manera más provechosa. Pues si por la utilidad del menor se halla dispuesto en el art. 992 que la herencia aceptada por el tutor queda sujeta al beneficio de inventario, ¿por qué no establecer lo mismo respecto del padre, en cuyo caso *se tiende a la misma utilidad* en favor del heredero?

"Entendemos, por consiguiente, que el padre podrá aceptar por sí la herencia déjada a los hijos menores constituídos en su po-testad, pero *siempre* a beneficio de inventario; y que, por lo mismo, no podrá nunca renunciarla, porque a esto equivale la imposición de dicho beneficio." Scævola, Comentarios al Código Civil, tomo 17, pág. 406.

El apelante insiste, sin embargo, en negar la repudia-ción, alegando que los demandados habían previamente aceptado la herencia. La evidencia en ningún extremo con-firma esta afirmación del apelante. El artículo 966 define los casos en los que se entiende aceptada la herencia. Nin-gún acto comprendido en dicha disposición legal ha sido realizado por los demandados, ni tampoco se ha probado en forma suficiente y robusta ningún acto ejercitado por di-chos demandados como herederos del causante y que su-pone necesariamente la voluntad de aceptar, lo que equi-valdría a una aceptación tácita conforme el artículo 964 del Código Civil. En este sentido el apelante alega el hecho de que la sucesión había sido demandada por otro acreedor, quien cobró su deuda mediante subasta de una finca de los demandados y que esto supone un acto de tácita aceptación. Aparte de que los demandados no contestaron la demanda ni intervinieron en ninguna de las actuaciones del pleito, un acto así aislado sin demostrar que ellos estaban en pose-sión de los bienes de su causante, no es bastante para esta-blecer la presunción que prescribe la ley. El apelante, no obstante, sostiene además que los demandados, después del

fallecimiento del causante, le pagaron al demandante parte
de la deuda y este hecho no solamente intenta presentarlo
como otro acto de aceptación tácita sino que sirvió de base
para pedir el demandante una enmienda a la demanda para
que se dedujera la parte cobrada de la misma reclamada en
la demanda, y así conformar dicha demanda con la prueba.
Pero la corte inferior en este punto no creyó suficiente la
declaración del testigo Enrique Rosa, hijo del demandante,
y si algo pudiera desprenderse de los hechos en tal sentido,
es que el demandante tomó posesión de bienes del causante
para abonarlos a la obligación, sin que para ello intervinie-
ran en la entrega los demandados y se determinara en al-
guna forma el valor de los mismos.

Tampoco tiene importancia la objeción del demandante
a la admisión de la escritura de repudiación alegando no
haber sido declarados previamente herederos los demanda-
dos del causante, toda vez que, admitiendo solamente a los
efectos de la argumentación, que la declaración previa fuera
necesaria, en este caso el demandante en su demanda alega
la condición de los demandados como tales herederos del
causante.

En todo caso, como según los principios que quedan es-
tablecidos, no puede darse por sentado que a nombre de los
menores se entienda aceptada por sus representantes lega-
les la herencia pura y simplemente, la acción del deman-
dante, queda limitada para hacerse efectiva solamente sobre
los bienes del causante y en este sentido y teniendo en
cuenta además que según el artículo 948 del Código Civil
en las sucesiones legítimas la parte del que repudia la he-
rencia acrecerá siempre a los coherederos, el demandante
puede continuar su acción contra dichos menores, por lo
que la sentencia de la corte inferior debe confirmarse en
cuanto a la viuda y los tres hijos mayores y revocarse en
lo que respecta a los menores y devuelto el caso para ulte-

riores procedimientos no incompatibles con esta opinión y sin especial condenación de costas.

*Confirmada en parte y en parte revocada la sentencia apelada, sin costas.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Hutchison.