Ex parte Finlay, Waymouth & Lee, Petitioner; Carlos Armstrong e Hijos, Sucors., Intervener and Appellant.

No. 4851. Argued April 29, 1930.—Decided November 17, 1931.

*H. Torres Solá* for appellant. *Carlos J. Torres* for the judicial administrator.

Mr. Justice Hutchison delivered the opinion of the Court.

Sometime after the appointment of a judicial administrator of the Estate of Frank B. Hatch, Carlos Armstrong e Hijos, Succrs., hereinafter referred to as appellant, appeared as intervener and moved:

First; to strike from the record two documents dated June 15, and August 17, 1925, and signed by an attorney as counsel for the widow of Hatch, whereby the latter renounced her right to the inheritance.

Second; to set aside two orders, one naming a temporary administrator and the other making the permanent appointment.

Third; to establish the nullity of a bond furnished by the judicial administrator, and to vacate everything done by such administrator thereunder.

Fourth; to set aside an order of October 27, 1926, for the distribution of $5,000 among creditors who had proved their claims, and another of November 13, 1926, for the sale

of real and personal property without previous notice to interested parties, the unknown heirs and creditors, and—

Fifth; to establish the validity and effect of a judgment obtained by intervener in June, 1925, and intervener's right to an execution of such judgment by the sale of certain attached property.

Hatch died on May 8th, 1925. On May 9th, appellant commenced an action against his widow, Carmen Hernández, and John Doe and Richard Roe as his unknown heirs. An attachment was issued and levied on an undivided interest in a certain parcel of land. Later, after the discovery of a will, the district court at the instance of appellant ordered that the unknown defendants be substituted by Carmen Hernández as sole and universal heir under the will. The complaint was amended accordingly, and in June a judgment by default was obtained against the widow.

On July 1st, appellant obtained leave to make the newly appointed judicial administrator a party to the action against the widow. Neither the complaint nor the summons was amended by adding the name of the administrator as a party. No summons was served upon the administrator.

Acting under a writ of execution, the marshal then levied upon $1,581.05 deposited in a bank by the temporary administrator in the name of the heirs of Frank B. Hatch, and drew a check for that amount in favor of appellant. Thereupon appellant obtained an order for the issuance of another writ of execution for the unsatisfied balance of the judgment amounting to $1,742.68.

The attached property was in the custody of the judicial administrator. Appellant had filed a motion in the administration proceeding for leave to sell the attached property. The court had not passed upon this motion. These facts were not brought to the attention of the district judge who ordered the issuance of a writ of execution.

When the judicial administrator learned that the attached property was about to be sold, he moved for an order

restraining appellant and the marshal from proceeding with the execution sale. Appellant opposed this motion. The district judge to whom this motion was presented then ordered that the property in question should not be sold until the motion for leave to sell the same could be considered and decided. Appellant's next step was to present the motion first above mentioned. The present appeal is from an order overruling that motion.

The first contention of appellant is that the district court erred in basing its ruling on the record, on the documentary evidence adduced, and on the briefs, without taking into consideration the testimony and the admissions made at the hearing as appearing from the record thereof.

The order appealed from purports to have been made after an examination of the record in the administration proceeding, of the documentary evidence adduced in support of the motion, and of the briefs submitted. It is a fair inference that, if the testimony was discussed in the brief, it was considered by the court in the course of its examination of the briefs. If not so discussed, appellant would have no reason to complain of the court's failure to make specific mention thereof in the order. It does not follow, however, from the omission of any specific reference to the testimony that the same was not considered by the court. On the contrary, every presumption is in favor of the correctness of the court's action, and we can not assume with appellant that the judge did not consider the testimony.

Appellant's second contention is that the court erred in not striking from the record the two documents dated June 15, and August 17, 1925, and subscribed by an attorney on behalf of Mrs. Hatch, whereby she renounced her right to the inheritance.

At the hearing of the motion it was admitted that the minutes did not contain any mention of an order (itself a part of the record) directing that the waiver of August 17, 1925, be included in the record. It was also admitted that

no revenue stamps had been attached and canceled upon either of the two waivers, and that no mention of either document had been made in the register of actions.

Appellant quotes from Fairall's Code of Civil Procedure, 407, as follows:

"A pleading prepared for the purposes of filing is not a pleading in fact until it is filed and made a part of the record. Fletcher v. Maginnis, 136 Cal. 362, 362 Pac. 1015."

Section 974 of the Civil Code provides that:

"The repudiation of an inheritance shall be made in a public or authentic instrument, or in writing presented to the district court having jur'sdiction in testamentary or intestate proceedings."

The petition for a judicial administration was filed on June 11th, 1925. On June 13th, the district court ordered that the widow and all creditors be cited for a hearing to be had on June 22nd. Immediately following this order, in the record of the proceeding for a judicial administration, comes the writing dated June 15th, 1925, and signed "F. B. Fornaris, attorney for Carmen Hernández, Widow of Hatch," whereby the widow appears, acknowledges services of the petition for the appointment of a judicial administrator and renounces her right as an heir. On June 24th, an amended petition was filed. On the same day the district judge fixed a day for another hearing and ordered that the widow, heirs, creditors and other persons interested be cited to appear and assert their rights and show why a judicial administrator should not be appointed. At the same time and by the same order, a temporary administrator was also appointed.

The writing dated August 17th, acknowledges service of the amended petition and in other respects is in the same form as the one dated June 15th. It bears an endorsement by the district judge directing that it be made a part of the record, and another endorsement by the secretary indicating that it was filed on August 18.

Neither of the two writings in question falls within any

of the classifications contained in the schedule established by "An Act regulating the collection of fees and costs in civil cases in the district and municipal courts in Porto Rico and for other purposes" (Session Laws, 1915, p. 45). Both came in response to process served upon the widow in person. Whatever section 159 of the Compiled Statutes may mean, it does not follow that any paper filed by an attorney should be stricken from the record, upon the theory that it is not binding upon his client, merely because the secretary neglects to place his file mark upon such paper or to mention the same either in the minutes of the court or in the register of actions referred to in section 351 of the Code of Civil Procedure. If the judicial administrator and the district court were satisfied with the statement made by counsel for Mrs. Hatch, we see no reason why appellant should have been heard to complain (in the absence of any protest or objection by Mrs. Hatch herself) that she was not bound by such statement. See *Ex parte Morales,* 30 P.R.R. 848; *Aparicio Brothers* v. *H. C. Christianson,* 25 P.R.R. 1.

The third contention is that the district court erred in refusing to vacate its two orders appointing first a temporary and later a permanent administrator. The argument is in substance: That the widow must be presumed to have accepted under the will until the contrary appears; that the case does not come within section 25 of the Law of Special Proceedings (Comp. St. 1564); and that the creditors should have brought an action to compel an election by the widow before presenting a petition for a judicial administration.

Section 25 of the law specifies certain cases in which a judicial administration becomes necessary. It does not exclude the possibility of such administration in any other circumstances.

By the terms of section 886 of the Civil Code "legitimate succession takes place . . . if the heir . . . repudiates the inheritance, without having a substitute, and there being

no right of accretion." In the instant case the amended petition contained an averment upon information and belief that the widow would not oppose the appointment of an administrator and requested that she be summoned to appear at the hearing. After the widow had been served with a copy of the petition and of the will thereto attached and with an order to show cause why a judicial administrator should not be appointed, she appeared and formally renounced her inheritance. The demand so made upon her and her response thereto were quite as effective as would have been an independent action to compel an election. The procedure followed was that prescribed by section 26 of the Law of Special Proceedings. Section 30 of the same law authorizes the appointment of a temporary administrator, where there is no executor.

The fourth ground of appeal is that the district court erred in not vacating two orders dated October 27 and November 13th, 1926.

By the first of these two orders the court authorized the distribution of $5,000 among creditors whose claims had been approved. Appellant had not presented its claim for approval. At the time of the order the marshal had in his possession something over $9,000. The contention that the court erred in refusing to vacate this order, as presented in the brief for appellant, does not demand further consideration.

By the order of November 13th, the court authorized the sale of certain real and personal property. The undivided interest attached at the commencement of appellant's action against the unknown heirs was included in this order. This attachment had never been dissolved and, without previous dissolution thereof, the district judge should not have authorized the judicial administrator to sell the attached property.

Appellant's final contention is that the district court erred in not holding that the judgment rendered in the action

brought against the Hatch heirs was valid and effective, that the attachment of the undivided interest was likewise valid and effective, and that the attached property should be sold under execution.

The motion first above mentioned covers some ten or twelve typewritten pages and contains twenty or more paragraphs, exclusive of the prayer. A portion of the seventh paragraph seems to have been omitted in making the transcript. The portion copied into the record refers to the addition of the administrator as a party and apparently assumes that he was made a party. The ninth paragraph paraphrases the language of section 51 of the Law of Special Proceedings (Comp. St. 1911, sec. 1590) and points to the conclusion that appellant's action was not interrupted by the appointment of an administrator. The tenth is a specific averment that the action was not interrupted by the appointment of an administrator, and that the administrator was substituted as the defendant. The fifteenth alleges that appellant is a judgment creditor of Hatch and of his estate, and as such has attached an undivided interest in certain real estate (describing it). The argument in the brief for appellant is an elaboration of this averment.

The question as to the validity and effectiveness of the judgment obtained by appellant in the action against the widow was not involved in the administration proceeding, save in so far as the property in possession of the judicial administrator was concerned. We have already held that the district court erred in authorizing the judicial administrator to sell the real estate attached as the property of the unknown heirs at the commencement of the action against such heirs. Before those heirs were cited by publication, however, the action against them was abandoned, temporarily at least, when the widow was substituted as a party defendant. The judicial administrator was never brought in as a defendant. The granting of a motion for leave to bring

him in did not make him a party to the action. As to all unattached property in the hands of the judicial administrator, it was enough that the widow had appeared in the administration proceedings and renounced her right thereto under the will. She had not been deprived of her privilege of election by the entry of a default judgment against her. *Rosa* v. *Heirs of García*, 32 P.R.R. 540.

Appellant was not pressing and had never pressed for a ruling by the district judge upon the motion made in the administration proceeding for leave to sell the attached property under a writ of execution. The district judge did not err in abstaining from speculation as to the validity and effectiveness of the judgment by default in any aspect thereof that was not involved in the theory of appellant's motion then under consideration.

The order appealed from must be reversed so far as the refusal to vacate the previous order authorizing a sale of the attached real estate is concerned. The said previous order and all subsequent proceedings thereunder, so far as they relate to a sale of such real estate will be set aside, and the case remanded for further proceedings with reference to that property. In all other respects, the order appealed from will be affirmed.