Ex parte Finlay, Waymouth & Lee, peticionaria y Carlos Armstrong e Hijos, Sucesores, interventora-apelante.

No. 4851.—*Sometido:* Abril 29, 1930. *Resuelto:* Noviembre 17, 1931.

*H. Torres Solá,* abogado de la apelante; *Carlos J. Torres,* abogado del administrador judicial.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Algún tiempo después del nombramiento de un administrador judicial del caudal hereditario de Frank B. Hatch, Carlos Armstrong e Hijos, Sucesores, que en lo sucesivo será mencionada como la apelante, compareció como interventora y solicitó:

Primero, que se eliminaran de los autos dos documentos fechados junio 15 y agosto 17 de 1925, suscritos por un letrado como abogado de la viuda de Hatch, en los cuales la última renunciaba a su derecho en la herencia.

Segundo, que se anularan dos órdenes, una nombrando un administrador provisional, y la otra haciendo el nombramiento permanente.

Tercero, que se decretase la nulidad de una fianza prestada por el administrador judicial y que se anularan todas las actuaciones de tal administrador con arreglo a la misma.

Cuarto, que se dejara sin efecto una orden de octubre 27 de 1926 para la distribución de $5,000 entre los acreedores que habían establecido sus créditos, y otra de noviembre 13 de 1926 para la venta de bienes muebles e inmuebles sin previa notificación a las partes interesadas, los herederos desconocidos y los acreedores; y,

Quinto, que se declarara la validez y la efectividad de una sentencia obtenida por la interventora en junio de 1925, y el derecho de la interventora a una ejecución de tal sentencia mediante la venta de ciertos bienes embargados.

Hatch falleció en mayo 8 de 1925. El 9 de mayo la apelante inició una acción contra su viuda, Carmen Hernández, y John Doe y Richard Roe, como sus herederos desconocidos. Se libró un embargo que fué trabado sobre una participación pro indivisa en cierto predio de terreno. Más tarde, después del hallazgo de un testamento, la corte de distrito,

a instancias de la apelante, ordenó que los demandados desconocidos fueran substituídos por Carmen Hernández como única y universal heredera por virtud del testamento. La demanda fué enmendada de conformidad, y en junio se obtuvo sentencia en rebeldía contra la viuda.

El primero de julio la apelante obtuvo permiso para hacer parte en la acción contra la viuda al administrador judicial últimamente nombrado. Ni la demanda ni el emplazamiento fueron enmendados agregándoles el nombre del administrador como parte. El administrador no fué emplazado.

Actuando en consonancia con un mandamiento de ejecución, el márshal entonces se incautó de $1,581.05 depositados en un banco por el administrador interino a nombre de la sucesión de Frank B. Hatch, y libró cheque por esa suma a favor de la apelante. Luego la apelante obtuvo una orden para la expedición de otro mandamiento de embargo por el balance insoluto de la sentencia ascendente a $1,742.68.

La propiedad embargada estaba bajo la custodia del administrador judicial. La apelante había radicado moción en el procedimiento de administración para que se le permitiera vender los bienes embargados. La corte no había considerado esta moción. No se llamó la atención del juez de distrito hacia esos hechos y él ordenó la expedición de un mandamiento de ejecución. Cuando el administrador judicial tuvo conocimiento de que los bienes embargados estaban próximos a ser vendidos solicitó se dictara una orden para que la apelante y el márshal se abstuvieran de proceder a la venta en ejecución. La apelante se opuso a lo pedido. El juez de distrito a quien le fué presentada la moción ordenó entonces que los bienes en cuestión no se vendieran hasta tanto se considerara y resolviera la moción solicitando permiso para venderlos. El próximo paso que dió la apelante fué presentar la moción primeramente aludida. El presente recurso es contra una orden declarándola sin lugar.

La primera contención de la apelante es que la corte

de distrito erró al fundar su resolución en el récord, en la prueba documental aducida y en los alegatos, sin tomar en consideración las declaraciones y las admisiones hechas durante la vista tal como aparecen del récord de la misma.

La orden recurrida expresa haber sido dictada después de un examen de los autos en el procedimiento de administración, de la prueba documental aportada en apoyo de la moción, y de los alegatos sometidos. Es una inferencia lógica que si el testimonio fué discutido en el alegato fué considerado por la corte en el curso de su examen de los alegatos. Si no fué así discutido, la apelante no tendría motivos para quejarse de que la corte dejara de hacer mención específica del mismo en la orden. Sin embargo, no se desprende de la omisión de cualquier referencia específica a las declaraciones que éstas no fueran consideradas por la corte. Por el contrario toda presunción está en favor de la corrección de lo actuado por la corte, y no podemos asumir con la apelante que el juez no consideró las declaraciones.

■■■ La segunda contención de la apelante es que la corte erró al no eliminar de los autos los dos documentos fechados junio 15 y agosto 17 de 1925, y suscritos por un abogado en representación de la señora Hatch, en los que ella renunció su derecho a la herencia.

En la vista de la moción se admitió que las minutas no contenían mención alguna de una orden, que en sí formaba parte del récord, decretando que la renuncia de agosto 17 de 1925 fuera agregada a los autos. También se admitió que no se habían adherido ni cancelado sellos de rentas internas en ninguna de las dos renuncias, y que no se hizo mención de uno u otro documento en el registro de causas civiles.

La apelante cita de Fairall's Code of Civil Procedure, 407, lo que sigue:

"Una alegación preparada con el fin de radicarla no es tal en realidad hasta tanto sea radicada y se haga formar parte de los autos. *Fletcher* v. *Maginnis,* 136 Cal. 362, 68 Pac. 1015."

El artículo 974 del Código Civil dispone que:

"La repudiación de la herencia deberá hacerse en instrumento público o auténtico, o por escrito presentado a la corte de distrito competente para conocer de la testamentaría o del abintestato."

La solicitud de administración judicial fué radicada en junio 11 de 1925. El 13 de junio, la corte de distrito ordenó que se citara a la viuda y a todos los acreedores para una vista que se celebraría el 22 del mismo mes. Inmediatamente después de esta orden, en el expediente del procedimiento de administración judicial aparece el escrito fechado junio 15 de 1925 y firmado "F. B. Fornaris, Abogado de Carmen Hernández Viuda de Hatch", en el cual la viuda comparece, reconoce haber sido notificada de la petición para el nombramiento de un administrador judicial, y renuncia su derecho como heredera. El 24 de junio se radicó una petición enmendada. El mismo día el juez de distrito fijó fecha para otra vista y ordenó que se citara a la viuda, los herederos, los acreedores y otras personas interesadas para que comparecieran, alegaran sus derechos y mostraran las razones por las cuales no debía nombrarse un administrador judicial. Al mismo tiempo y por la misma orden se designó también a un administrador interino.

El escrito fechado agosto 17 acusa notificación de la petición enmendada, y en otros respectos tiene la misma forma que el fechado junio 15. Lleva un endoso por el juez de distrito ordenando que se agregue al récord y otro endoso por el secretario haciendo constar que fué radicado en agosto 18.

Ninguno de los dos escritos de que se trata cae dentro de ninguna de las clasificaciones contenidas en el arancel establecido por la "Ley regulando el cobro de derechos y costas en causas civiles en las cortes de distrito y municipales de Puerto Rico y para otros fines." (Leyes de 1915, página 45.) Ambos fueron radicados en respuestas a notificaciones hechas a la viuda en persona. Cualquiera que sea el significado de la sección 159 de los Estatutos Revisados, no se des-

prende que cualquier documento radicado por un abogado debe eliminarse del récord por la teoría de que no es obligatorio para su cliente meramente porque el secretario olvide fijarle el sello de radicación o mencionarlo, bien en las minutas de la corte o en el registro de causas civiles a que se refiere el artículo 351 del Código de Enjuiciamiento Civil. Si el administrador judicial y la corte de distrito se sintieron satisfechos con lo dicho por el abogado de la señora Hatch, no vemos motivo por el cual debió dársele razón a la apelante al sostener, a falta de cualquier protesta u objeción de parte de la señora Hatch, que ésta no estaba obligada por esa manifestación. Véanse *Ex parte Morales,* 30 D.P.R. 907; *Aparicio Hermanos* v. *H. C. Christianson,* 25 D. P.R. 1.

■■ La tercera contención es que la corte de distrito erró al negarse a anular sus dos órdenes nombrando, primero, a un administrador interino, y posteriormente a uno permanente. El argumento es en síntesis: que debe presumirse que la viuda aceptó el testamento hasta que aparezca lo contrario; que el caso no cae dentro del artículo 25 de la Ley de Procedimientos Legales Especiales (Estatutos Revisados, Sección 1564); que los acreedores debieron haber entablado pleito para obligar a la viuda a que eligiera antes de presentar la solicitud de administración judicial.

El artículo 25 de la ley especifica ciertos casos en que se hace necesario un administrador judicial. No excluye la posibilidad de tal administración bajo cualesquiera otras circunstancias.

Por los términos del artículo 886 del Código Civil "la sucesión legítima tiene lugar . . . cuando el heredero . . . repudia la herencia sin tener substituto y sin que haya lugar al derecho de acrecer." En el caso de autos la petición enmendada contenía la alegación por información y creencia de que la viuda no se opondría al nombramiento de un administrador, y solicitaba que se la citara para comparecer a la vista. Después que la viuda fué notificada con copia de la petición y del testamento que a la misma se acom-

pañó, y con una orden para mostrar causas por las cuales no se debía nombrar un administrador, ella compareció y formalmente renunció a su herencia. El requerimiento que así se le hizo y su respuesta al mismo eran tan efectivos como lo hubiera sido una acción independiente para obligarla a elegir. El procedimiento seguido es el prescrito por el artículo 26 de la Ley de Procedimientos Especiales. El artículo 30 de la misma ley autoriza el nombramiento de un administrador interino cuando no haya albacea testamentario.

■ El cuarto motivo de esta apelación es que la corte de distrito cometió error al no anular dos órdenes fechadas octubre 27 y noviembre 13 de 1926.

Por la primera de esas dos órdenes la corte autoriza la distribución de $5,000 entre los acreedores cuyos créditos hubieran sido aprobados. La apelante no había presentado su crédito para su aprobación. Al tiempo de la orden el márshal tenía en su poder algo más de $9,000. La contención de que la corte erró al negarse a dejar sin efecto esa orden, tal como ha sido presentada en el alegato de la apelante, no requiere mayor consideración.

Por la orden de noviembre 13 la corte autorizó la venta de ciertos bienes muebles e inmuebles. La participación proindivisa embargada al iniciarse el pleito de la apelante contra los herederos desconocidos fué incluída en esta orden. Ese embargo jamás había sido anulado, y, sin su previa anulación, el juez de distrito no debió haber autorizado al administrador judicial a vender los bienes embargados.

■■ La contención final de la apelante es que la corte de distrito erró al no resolver que la sentencia dictada en el pleito seguido contra los herederos de Hatch era válida y efectiva, que el embargo de la participación pro indivisa era asimismo válido y efectivo y que los bienes embargados debían ser vendidos en ejecución.

La moción primeramente aludida abarca unas diez o doce páginas escritas a máquina y contiene veinte o más párra-

fos, además de la súplica. Parte del séptimo párrafo parece haberse omitido al hacerse la transcripción. La porción copiada en el récord se refiere a la adición del administrador como parte, y aparentemente asume que se le hizo parte. El noveno párrafo parafrasea el contexto del artículo 51 de la Ley de Procedimientos Especiales (Estatutos Revisados, Sección 1590) y esboza la conclusión de que la acción de la apelante no fué interrumpida por el nombramiento de un administrador. El décimo es una alegación específica de que la acción no quedó interrumpida por el nombramiento de un administrador y que el administrador fué substituído como demandado. El décimoquinto alega que la apelante es acreedora, por sentencia, de Hatch y de su caudal hereditario, y como tal ha embargado la participación pro indivisa de cierto inmueble, describiéndolo. El argumento en el alegato de la apelante es una elaboración de esa alegación.

El punto respecto a la validez y efectividad de la sentencia obtenida por la apelante en el pleito contra la viuda no estuvo envuelto en el procedimiento de administración, salvo en lo que concernía a la propiedad en poder del administrador judicial. Ya hemos resuelto que la corte de distrito erró al autorizar al administrador judicial para vender el inmueble embargado como de la propiedad de los herederos desconocidos al comenzar el pleito contra tales herederos. Antes de ser citados esos herederos por edictos, sin embargo, se desistió la acción contra ellos, por lo menos temporalmente, cuando la viuda fué substituída como parte demandada. El administrador judicial nunca fué llevado al pleito como demandado. El que se declarara con lugar una moción pidiendo permiso para traerlo al pleito no lo hizo parte. En lo que respecta a todos los bienes en poder del administrador judicial que no fueron embargados, bastaba con que la viuda compareciera en los procedimientos de administración y renunciara su derecho a los mismos bajo el testamento. Ella no había sido privada de su privilegio de elección por el he-

cho de que se registrara sentencia en rebeldía en su contra. *Rosa* v. *Sucesión García,* 32 D.P.R. 586.

La apelante no estaba urgiendo, ni lo había hecho jamás, que el juez de distrito resolviera la moción presentada en el procedimiento de administración solicitando permiso para vender la propiedad embargada bajo mandamiento de ejecución. El juez de distrito no erró al abstenerse de especular respecto a la validez y efectividad de la sentencia en rebeldía en ningún aspecto de la misma que no estuviera envuelto en la teoría de la moción de la apelante entonces bajo consideración.

*Debe revocarse la orden recurrida en cuanto se refiere a la negativa a dejar sin efecto la orden anterior autorizando la venta del inmueble embargado. Se dejan sin efecto la dicha orden anterior y todos los procedimientos posteriores a virtud de la misma en lo referente a la venta de tal inmueble, y se devuelve el caso para ulteriores procedimientos en lo que respecta a esa propiedad. En todos los demás particulares, la orden apelada debe ser confirmada.*