[Civ. No. 5244.   Second Appellate District, Division One.—February 25, 1926.]

COUNTY OF LOS ANGELES (a Body Corporate and Politic), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and JENNIE C. LOWE, Respondents.

[1] COURTS—GENERAL JURISDICTION—AUTHORIZED ORDERS.—Courts having general jurisdiction have power to make effective whatever orders they are expressly authorized to enter.

[2] WORKMEN'S COMPENSATION ACT—JURISDICTION—COMMUTATION OF AWARDS.—The Industrial Accident Commission is a constitutional tribunal having certain limited powers, which include the making of awards in compensation for injuries sustained by an employee in the course of his employment; and, under the Workmen's Compensation Act, authority exists for commuting an award into a lump sum and ordering distribution to the injured employee, and this authority may carry with it such matters as are purely incidental to the general order of payment.

[3] ID.—PAYMENT OF AWARD TO CREDITORS.—While the Industrial Accident Commission has authority to commute an award, it has no authority to direct the payment of any portion of the award to general creditors of either the deceased employee or his dependents, which creditors are not within the statutory category of possible lien claimants under section 24 of the act.

[4] ID.—VOID ORDER—CERTIORARI—PARTIES.—Where the Industrial Accident Commission exceeds its authority and orders the payment of the commuted award to general creditors of either the de-

---

1.  See 7 Cal. Jur. 583; 7 R. C. L. 1034.
3.  See 27 Cal. Jur. 524.
4.  See 27 Cal. Jur. 573.

ceased employee or his dependents, payment by the employer in accordance with such order will not amount to a satisfaction of the award; and, therefore, the employer is a party interested in the proceeding and may maintain a *certiorari* proceeding to review such order.

(1) 15 **C. J.**, p. 810, n. 84, p. 811, n. 86.    (2) Workmen's Compensation Acts, **C. J.**, p. 103, n. 96 ' New, p. 114, n. 9, 12 New. (3) Workmen's Compensation Acts, **C. J.**, p. 103, n. 96 New; 36 **Cyc.**, p. 1119, n. 33, p. 1130, n. 68, 69.    (4) Workmen's Compensation Acts, **C. J.**, p. 121, n. 18 New.

PROCEEDINGS in Certiorari to review an order of award and commutation thereof by the Industrial Accident Commission.    Award annulled.

The facts are stated in the opinion of the court.

Edward T. Bishop, County Counsel, and R. C. McAllaster, Deputy County Counsel, for Petitioner.

W. H. Pillsbury for Respondent.

HOUSER, J.—This is an application for a writ of *certiorari* for the purpose of reviewing an order of award and commutation thereof, made by the Industrial Accident Commission in favor of the widow of an employee which employee was killed in the course of his employment with the petitioner, County of Los Angeles.

By the order of commutation, in lieu of a direct payment to the widow, the County of Los Angeles was ordered to pay to each of certain general creditors of the deceased, or of the widow, a fixed sum of money in satisfaction of the debt owing to such creditor—the aggregate amount thereof to be deducted from the total award as commuted, and the balance thereof to be paid to the widow.

The petitioner herein objects to such order of commutation on the ground that the direction therein to pay a portion of the award to general creditors is in excess of the power conferred by the statute upon the Commission.

It is admitted by the Commission that no express provisions can be found in the statute by which it is given the authority to make that part of the order to which specific objection is made; but it is contended that by reason of certain general

provisions contained within the terms of the act, the order by the Commission was impliedly authorized.

By section 28 of the Workmen's Compensation, Insurance and Safety Act (Stats. 1917, p. 831, as variously amended), where, among other things, it appears that a commutation of an award is necessary for the protection of the person entitled thereto, the Commission is empowered to · commute the compensation payable to such person to a lump sum. Subdivision (c) of the same section places a discretionary power in the Commission to pay the award as commuted directly to the person entitled thereto; or, under certain conditions, to deposit the amount for the use and benefit of such person with either a savings bank, a trust company, or the state compensation insurance fund. By section 14 (e) the Commission is authorized to pay a death benefit either to the dependents of the deceased, or to a trustee or a commissioner, to be applied in accordance with the findings and direction of the Commission. In connection with such provision of the statute, the Commission directs attention to the fact that, while lacking in express direction, further language of the act may indicate an implied power to direct that part of the order of which complaint is made. Section 63 (a) is as follows:

"The Commission is hereby vested with full power, authority and jurisdiction to do and perform any and all things, whether herein specifically designated, or in addition thereto, which are necessary or convenient in the exercise of any power, authority or jurisdiction conferred upon it under this act."

Section 69 (a) enjoins upon the court a liberal construction of the terms of the statute "with the purpose of extending the benefits of the act for the protection of persons injured in the course of their employment."

On the other hand, the petitioner points to the provisions of section 24 of the act, which it is urged contain all the direct authority bestowed upon the Commission for the purpose of enabling it to direct the payment of any part of the award to any person other than the injured employee or his dependents. That part of the section to which reference has been had which is thought to be applicable to the issue is as follows:

76 Cal. App.—41

"No claim for compensation shall be assignable before payment, but this provision shall not affect the survival thereof, nor shall any claim for compensation, or compensation awarded, adjudged or paid, be subject to be taken for the debts of the party entitled to such compensation except as hereinafter provided. No compensation, whether awarded or voluntarily paid, shall be paid to any attorney at law or in fact or other agent, but shall be paid directly to the claimant entitled to the same, unless otherwise ordered by the Commission. Any payment made to such attorney at law or in fact or other agent in violation of the provisions of this section shall not be credited to the employer.

"(b) The Commission may fix and determine and allow as a lien against any amount to be paid as compensation": Then follows a list of possible charges against either the injured employee, or if he be deceased, against his dependents, which, under the terms of the act, may be convertible into liens against the award.

[1] As to courts having general jurisdiction, it is a well-recognized rule that they have power to make effective whatever orders they are expressly authorized to enter. [2] The Industrial Accident Commission is a constitutional tribunal having certain limited powers, which include the making of awards in compensation for injuries sustained by an employee in the course of his employment; and, as provided in the statute hereinbefore referred to, authority exists for commuting an award into a lump sum. The authority to commute an award into a lump sum and to order distribution to the injured employee may carry with it such matters as are purely incidental to the general order of payment. [3] But that part of the order of distribution which in the instant case directs the payment of a portion of the award to general creditors of either the deceased employee or his dependents, which creditors are not within the statutory category of possible lien claimants, would appear to be unnecessary to render effective the payment of the commuted award to the person entitled thereto. While such a division of the commuted award may be advisable and most desirable, or, as appears from the record herein, may even be with the consent and at the suggestion of the dependent, such facts cannot confer jurisdiction in the tribunal. It may be that in all fairness the debts of the deceased or of his dependents

should be paid; but unless they fall within one of the classes enumerated in the statute for which a lien on the award may be lawfully declared, the Commission is not officially interested. Neither does the statute contemplate a supervision by the Commission of the funds after payment thereof to the persons entitled thereto. Whether the funds made available to the dependents be wisely conserved, or whether they be spent in riotous living, by the terms of the statute, is made of no concern to the tribunal which is to order the payment of the compensation. If the final disposition by the beneficiary of the fund here in question were to be construed as being subject to the order or direction of the Commission, with equal propriety could the distribution by the probate court of the estate of a deceased husband to his widow be similarly controlled by such tribunal. Or, if a widow were to bring an action on an insurance policy and were to receive judgment therein, it might as well be contended that because the court was authorized to render the judgment, as incidental thereto, it might also direct that, from the amount to be paid thereon, the insurance company should deduct and pay a stated sum to each of several creditors of the deceased or of the widow. The fact of the matter is that both in such a case, as well as in the instant case, primarily the widow is entitled to have paid to her personally the entire amount of the judgment, or the award, as the case may be. The right of the widow in the case at bar to the award itself is neither controlled nor in anywise influenced or affected by the fact that neither she or her husband may be indebted to other persons. The legal relations of such persons to either the deceased husband or to her, whether such relations sound in contract or in tort, have no connection, casual or otherwise, with the statutory obligation existing between the employer and the employee. It may be commendable, highly honorable and a most efficient method of protection of creditors, but the order of award of compensation for the death of an employee carries with it no such incidents. The quoted section of the statute which deals with the subjection of the award to liens is definite in its character. Within its first provision is the declaration that the compensation awarded shall not "be subject to be taken for the debts of the party entitled to such compensation, . . . " In the face of such plain language, the

more general provisions of the statute, which at least would appear to be not aimed at the particular situation here presented, cannot prevail. To the contrary, the rule of construction of a statute is invariable that general terms must yield to special provisions. Moreover, the opening statement of section 24 (a) is that "no claim for compensation shall be assignable before payment, . . . "

In the case of *Pacific Electric Ry. Co.* v. *Commonwealth Bonding etc. Co.,* 55 Cal. App. 704 [204 Pac. 262], an assignment of an award to the state of California was held invalid. Among other things, the court said: "The act states that no assignment shall be made 'before payment.' Claims are not paid until they become awards, and it is clear that the only thing payable under the provisions of the act is awards. *It is evident that the legislature intended that there should be no assignment of claimant's rights whatsoever and that the award should be paid by the one against whom it was made directly to the claimant and to no one else.*"

Casting aside for the moment any question of whether in violation of the terms of the statute the order to which objection is here made in effect constituted a lien on the fund made available to the dependent widow of the deceased, it is apparent that the effect of the order was at least to transfer a portion of the award before its payment to creditors of the deceased or his dependents; which is nothing less than an assignment, by whatever name it may be called.

We see no escape from the force of petitioner's contention that the Commission exceeded its authority in directing out of the award the payment of those debts of the deceased or of his widow not so provided for in any or either of the classes enumerated in the statute.

[4] Respondent suggests that the petitioner here was not a party beneficially interested in the proceeding before the Industrial Accident Commission, and for that reason is not in a position to maintain *certiorari* in this court. But if the correct conclusion has been reached with reference to the lack of authority in the Commission to make that part of the order of commutation which herein has been considered, it would follow that payment by the County of Los Angeles of the debts of the deceased or of his widow, as directed by such order of commutation, together with the payment to the widow of the remainder of the sum awarded, would not

amount to a legal satisfaction of the total award. The County of Los Angeles was the employer and a part of its money or property would necessarily have been used in discharging the obligation against it which was created by the order of the Commission. Its interest in the proceedings is therefore apparent.

It becomes unnecessary to notice the other specific objections to the award interposed by petitioner.

The award is annulled.

Conrey, P. J., and York, J., concurred.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 26, 1926.