[Civ. No. 8125. First Appellate District, Division One.—March 23, 1932.]

SYDNEY J. SILVERSTEIN et al., Appellants, v. OAK-LAND TITLE INSURANCE & GUARANTY COM-PANY (a Corporation) et al., Respondents.

Silverstein & Silverstein for Appellants.

Robinson, Price & MacDonald, M. J. Rutherford and Breed, Burpee & Robinson for Respondents.

THE COURT.—Preliminarily it is to be noted that since the appeal herein respondent Whitehead has died and Olin D. Jacoby and Rowena C. Martin, the duly appointed executors of the last will and testament of said decedent, have been by order of court substituted for said respondent. The nature of the action and the scope of the review will more fully appear from a recital of the facts.

On and prior to June 18, 1928, defendant Porter was indebted to Central National Bank in the sum of $1650 and was also indebted to appellants in the sum of $2,500. Porter owned at that time certain real property in Alameda

County. She owned one house and lot on Grand Avenue, subject to an $8,000 encumbrance, and another property referred to as the apartment house property, which was subject to a first encumbrance of $24,000 and a second of $2,500. Defendant Whitehead was the holder and owner of a note in the sum of $22,500, secured by a deed of trust on certain property in Sonoma County. On June 19, 1928, a transaction of exchange was effected between Porter and Whitehead whereby Porter purchased the said note and deed of trust on the following terms: Porter agreed to give Whitehead a note for $10,000 secured by a second deed of trust on the apartment house and subject only to the first $24,000 encumbrance; Porter also to convey to Whitehead the Grand Avenue house and lot, subject to the $8,000 encumbrance; the equity of Porter to be accepted at an agreed value of $10,000. In addition, Porter was to pay Whitehead $2,500 in cash, making the total of $22,500 the face of the exchange note. Porter was to secure a loan on the note, which loan was to realize $7,500 and the note and deed of trust was to be delivered as security for the new loan. Accordingly, transfers were made between the parties. Porter borrowed from Whitehead the said $7,500 and evidenced the loan with a promissory note to secure which he made an assignment to Whitehead of the $22,500 note and trust deed. This assignment provided also that the said $22,500 note should be held by Whitehead as additional security for the payment of the $10,000 note hereinbefore mentioned and which was secured by a junior encumbrance upon the apartment house. The foregoing reflects the contractual relationship between Porter and Whitehead.

On July 28, 1928, one Maze, holding as assignee the claim due Central National Bank, commenced an action against Porter to recover the said sum of $1650. Attachment was issued and levied against the apartment house property on said date. On August 3, 1928, appellants commenced an action against Porter to recover on their claim of $2,500. On the same date attachment issued and was levied upon the apartment house. Maze recovered judgment on August 27, 1928, for $1850.45. On August 3d of the same year appellants recovered judgment against Porter for $2,530.15. Thereafter Maze took out execution and after proceedings thereon, the validity of which is not questioned, the apart-

ment house property was sold to one Mosher for the sum of $100. The date of the sale was October 22, 1928. Thereafter the appellants proceeded by writ to execute their judgment against Porter and the writ issued was returned unsatisfied, the judgment debtor holding no property upon which execution could be levied. Thereafter, on October 31, 1928, appellants filed with the sheriff a notice of redemption of the property sold under execution to Mosher. The unassailed finding is that by reason of the redemption by appellants, they are the owners of the apartment house property subject only to the right of redemption thereof as provided by law. On February 26, 1929, Whitehead recorded a notice of intention to sell the apartment house property and thereafter on June 24, 1929, respondent Oakland Title Insurance & Guaranty Company, as trustee, caused to be published a notice of the sale of the said property. This sale, however, awaited the determination of this action. The sale was enjoined by the court below, the order of injunction reading "until the further order of this court". A further order, made on April 24, 1930, dissolved this injunction. On June 21, 1929, the Sonoma County property, which was subject to the $22,500 note and deed of trust, was sold by the trustee under said deed of trust. At such sale, Whitehead bid in the property for $6,000, which sum was returned to him as holder of the note and deed of trust, less the usual expenses of sale.

The foregoing details the facts. The present action was brought to secure an accounting of the indebtedness between Porter and Whitehead, and to determine the rights of appellants as creditors and redemptioners. Included within the relief sought was a marshaling of assets and restraint of further or any sales of property belonging to the debtor Porter. The case having been heard, the court below entered its judgment and decree ordering an accounting directing the marshaling of assets and temporarily enjoining the sale of the apartment house. In this decree it was adjudged that Whitehead was entitled to retain the rents by him received from the apartment house. This decree was entered on January 16, 1930. On April 24, 1930, the court below, after a hearing, made its order dissolving the injunction in the sale of the apartment house. This appeal

is from the following portions of the judgment: First, from that portion of the judgment awarding to Whitehead the rentals from the apartment house; second, from that portion of the judgment restraining the trustee from selling the apartment house until the further order of the court. A separate appeal, by stipulation submitted on the same bill of exceptions, is taken from the order made after judgment, which order dissolves entirely the injunction theretofore made restraining the sale of the apartment house.

■ We will first take up the question of the rentals. The trial court found that on or about June 19, 1928, Porter did execute and deliver to Whitehead a written assignment of the rents due and to become due for any, either or all of the apartments contained in the building, as additional security for the payment of the $10,000 note. Appellants attack this assignment as being void under the provisions of section 2957 of the Civil Code. This section relates to the execution of chattel mortgages. Appellants argue that the rentals due are but personal property; that a transfer of personal property by way of security is but a mortgage. The argument of appellants is to the effect that this assignment of rents was an assignment of the lease. Then much authority is cited to the point that a lease for years is personal property and its transfer is governed by the rules regarding the transfer of personal property. The argument presented has academic merit provided the premise is conceded in all respects. However, we cannot accept as absolute the notion that an assignment of rents is in all respects identical with an assignment of the lease.

Without going further into the question, the circumstances here present are somewhat peculiar. To assign money as security for the payment of an obligation is *pro tanto* a payment. In such a case an analytical argument, dissecting each element of the transaction, might disclose features of mortgage in as far as the intent might be expressed as one of securing another obligation. But it would go beyond the needs and even hamper the possibility of modern business to hold that where one assigns a fund or sum of money to secure the payment of an obligation, that such assignment is in reality a chattel mortgage.

■ The further claim is made that the rents were not assignable inasmuch as a mere possibility, not coupled with an interest, is not transferable under section 1045 of the Civil Code. There is no showing here sufficient to invoke this statute. For aught the record discloses, these rentals assigned were all due or to become due under existing lease-holds or contracts of tenants in the apartment house. ■
Future earnings and profits under existing contracts are assignable. An assignment of rents, without being in any particular form, is valid even though it be for the purposes of security. (36 Cor. Jur. 368.) It is further to be noted that the trial court found, upon testimony the sufficiency of which is unquestioned, that prior to redemption the ap-pellants had full notice of the assignment of rents. ■
Next we approach the question of the court's action in the order of injunction and the dissolution thereof. Appellants' first contention is that there was no default in the obligation of the note or deed of trust. The evidence is sufficient to demonstrate the default and a detail of the record could serve no purpose, useful, interesting or instructive.

■ The entire decree was in a sense interlocutory, in that it ordered an accounting to determine the exact amount due Whitehead and contemplated a marshaling of the assets of Porter, in an equitable effort to provide satisfaction for all claims. If the accounting disclosed any possibility of Whitehead being fully compensated without the sale of the apartment house, such a contingency was provided for in the decree. We think the order as made was not only proper but most favorable to appellants.

As to the order thereafter made dissolving the injunction, being the order made after final judgment and after appeal, discussion of this point would be more or less aimless. If the order of injunction was properly interlocutory, and we have so held it, no harm can possibly result from its being dissolved.

Another unusual feature is presented from the fact that the present appeals are from portions of the judgment. The remaining portions, providing for accounting, marshaling of assets, etc., are unaffected by the appeals and have become final.

The effect of an order reversing the action of the court below in dissolving the injunction after appeal would simply

be to leave the court with the power to again forthwith dissolve the same, and no possible effect could be had upon any rights of appellants.

By way of repetition, perhaps, the main relief sought is being attained in the process of execution of the court's order for accounting, and the record discloses that the entire procedure relative to the injunction was in aid of the entire judgment. The proceeds of the sale are still the subject of the court's action in accounting.

The judgment and order appealed from are affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 22, 1932, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 19, 1932.