[Civ. No. 1990.   Fourth Appellate District.—July 26, 1938.]

MYRTLE BECKER et al., Respondents, v. GLENN H. MUNKELT et al., Appellants.

Glenn H. Munkelt, *in pro. per.*, and Hamilton, Lindley & Higgins for Appellants.

Harry W. Horton for Respondents.

BARNARD, P. J.—The defendants have appealed from an order directing the payment to the plaintiffs of the sum of $1188.34 which had been deposited with the clerk of the court.

The plaintiffs conveyed by grant deed a certain parcel of real property to the defendants as trustees for certain creditors of the plaintiff husband. Thereafter, and on April 22, 1929, the plaintiffs brought this action alleging that this deed had been obtained by fraudulent representations and seeking a reconveyance of the property. The defendants filed an answer supporting the validity of the conveyance and their right to sell the property for the purposes of the trust. After a hearing the court filed findings and an interlocutory judgment, finding in effect that this deed was an equitable mortgage given to secure debts but that the property involved was not to be sold until certain other securities had been exhausted; that it could not be told without a further hearing whether such other securities had been exhausted; and that the defendants could not foreclose said deed as a mortgage until they had filed a report and accounting showing the necessity for such procedure. The interlocutory judgment followed these findings and provided that the defendants, as trustees, should file an account and report within a designated time and naming the time within which objections thereto might be filed.

A report and accounting was filed and no objection being made the court filed its findings of fact, conclusions of law and a decree of foreclosure. After finding that a sale of the property was necessary the court found that while this action was pending and on July 26, 1929, the parties to the action entered into a written agreement which provided that the property in question should be leased, that it should be mortgaged to one Cline for the purpose of paying off certain delinquent taxes, that the rent should be paid to a certain title company and applied by it upon the principal and interest of the Cline mortgage until the same was paid in full, that the title company should have the right to use any portion of said rental "to pay before delinquency any taxes that may be hereafter accrued upon said premises during the life and term of said mortgage to the said H. C. Cline", and that after said mortgage had been paid any balance of said rental remaining in the hands of the title company should be paid into court in this action "or shall be paid in accordance with such final order or judgment in said cause as shall direct and control the payment of said money. If no order or judgment shall have been made directing the disposition of the said money then the same shall be paid into said court pending a final determination of said case." The court then found that after the Cline mortgage was paid the title company had paid into court $1188.34 "to be disposed of by the court in accordance with the provisions" of said agreement; that no taxes had been paid on this property after the commencement of this action except such as were paid pursuant to said agreement; and that certain taxes amounting to about $1300 "are now unpaid". The usual decree of foreclosure and order of sale was entered on April 25, 1934, and in addition thereto the decree provided as follows:

"Wherefore, it is ordered, adjudged and decreed that said sum of $1188.34 shall not now be applied in payment of taxes nor paid to the plaintiff, but shall be held by the Clerk of this Court, pending final determination of this cause, in accordance with and subject to the rights of the parties under that certain agreement, hereinabove referred to, under which said sum was accumulated, and the law and facts applicable thereto."

The last-quoted provision was included in the decree of foreclosure in response to an application made by the defendants to have the $1188.34 then in the hands of the clerk paid upon delinquent taxes on this property and objections thereto filed by the plaintiffs. The property was sold on June 1, 1934, and was purchased by the defendants as such trustees. On April 19, 1935, the plaintiffs gave notice that they would move the court for an order directing that said money in the hands of the clerk be paid over to them. Shortly thereafter the defendants filed notice of a motion seeking to have this money applied in payment of the taxes which were then delinquent. A hearing was had on both of these motions resulting in this order from which the defendants have appealed.

The appellants' main contention is that the court erred in ordering this money paid to the plaintiffs instead of applying it upon the taxes. In making this claim they virtually admit that they are not entitled to this money except as they are given the right to benefit therefrom by the agreement of July 26, 1929. That agreement contained no provision for the use of the rental money in the payment of taxes which might accrue after the Cline mortgage was paid, but the right given to the title company to use such funds in the payment of taxes was expressly limited to those which had accrued "during the life and term of said mortgage". The agreement provided, so far as is material here, that any balance remaining in the hands of the title company after that mortgage was paid should be turned over to the court "pending a final determination" of this case. The appellants argue that the parties intended by these portions of the agreement to provide that when the case was finally decided the money so deposited should· follow the land as disposed of by the judgment of the court and that in the event the appellants were found to have any interest in the land these funds should be used to pay the taxes which had accrued upon the land during the litigation.

We are unable to agree with this interpretation of the terms of this agreement. There is no ambiguity in the language used with respect to the payment of taxes and the only provision in that regard is that the title company might use these funds to pay taxes which had accrued before the Cline mortgage was paid. There is no provision for the use of

such rental money in the payment of taxes after any remaining balance has been turned over to the court. The only provision then applying is that the money shall be held by the court "pending a final determination of said case". In discovering what was meant by this phrase it must be kept in mind that at the time the agreement was entered into the respective parties were claiming title to the land as owners, legal or equitable. It would seem that their intention must have been to protect their respective interests in the proceeds of the land, rather than to provide for the application of the funds to any specific purpose. We think that the parties intended to and did, by the clause in question, provide that the money should be thus impounded and that the court, as a part of the final determination of the case, should decide who was entitled to it.

That the court thus interpreted this clause fully appears from the provision included in the decree of foreclosure to the effect that said money should neither be applied to the payment of taxes nor paid to the respondents at that time, but should be held "pending a final determination of this case in accordance with and subject to the rights of the parties" under the agreement under which the sum was accumulated "and the law and facts applicable thereto". The appellants argue that it appears from this language that the court considered that the cause would not be fully determined until the year of redemption had expired, but intended thereby, and did, decide that the money should go to the respondents if they redeemed the land, otherwise to be used to pay the taxes for the benefit of the purchaser at the foreclosure sale. In our opinion, this language clearly indicates that the court was not then deciding this phase of the case but was expressly leaving it for determination at a future time, when it was to be considered in accordance with the rights of the parties under the agreement and the law and facts applicable thereto.

The matter was later considered and, we think, correctly determined. Under the terms of the agreement the court was to determine who was entitled to the money under the law and the facts. The agreement having not otherwise specifically provided, the ownership of the money was governed by general rules of law. The money had come from rents which were paid before a decree of foreclosure was

entered and before the land was sold under such a decree. Under such circumstances, and in the absence of a special agreement, it belonged to the mortgagor and not to the mortgagee. (*Simpson* v. *Ferguson,* 112 Cal. 180 [40 Pac. 104, 44 Pac. 484, 53 Am. St. Rep. 201]; *Shoobert* v. *De Motta,* 112 Cal. 215 [44 Pac. 487, 53 Am. St. Rep. 207]; *First Nat. T. & S. Bank* v. *Staley,* 219 Cal. 225 [25 Pac. (2d) 982]; *Casey* v. *Doherty,* 116 Cal. App. 42 [2 Pac. (2d) 495].)

█ The only other point raised is that the court was without jurisdiction to make the order appealed from. The contention is that since the decree of foreclosure was a final judgment the court exhausted its jurisdiction in entering the same. The matter in question arose out of and in connection with the issues in this equity case, and the parties had expressly submitted it to the court for determination. In its decree of foreclosure the court expressly put the matter over for further consideration, no final judgment with respect to that phase of the case was then entered, and the court had jurisdiction to complete the matter by deciding the remaining question.

The judgment is affirmed.

Marks, J., concurred.