### In re SHYVERS.

No. 32930–J.

District Court, S. D. California, Central Division.

June 24, 1940.

Thorpe & Bridges, of Los Angeles, Cal., for Security First Nat. Bank of Los Angeles.

Raymond R. Hails and John A. Jorgenson, both of Los Angeles, Cal., for respondents John A. Jorgenson and Arden T. Jensen, Conciliation Com'r.

COSGRAVE, District Judge.

■ Respondents contend that with the denial of certiorari on March 4, 1940, Shyvers v. Security-First Nat. Bank, 60 S. Ct. 608, 84 L.Ed. ——, the jurisdiction of the U. S. District Court ceased, and that the entire matter was thereby set at large, the fund in question to be released to the debtor, provided she exercised sufficient diligence before the claim of the bank was made effective. This premise is not sound, for the matter was still pending until the filing of the mandate from the Circuit Court of Appeals to the District Court on March 29, 1940. But assuming that the matter was not pending, still it was the duty of the bankruptcy court, a court of equity, to administer the funds held in custodia legis, distributing them to. such of the parties 'as, after due hearing, might show themselves entitled thereto. This high duty of a court of equity continues after a dismissal of the action on any ground. Especially is this true where, as here, the bank was claiming a lien on the funds in perfect good faith, as shown by the proceedings before the conciliation commissioner. Even though the proceeding be dismissed, the court has ample power to determine their disposition after notice to all parties interested. Jackson v. Lynch, 9 Cir., 111 F.2d 1003, decided May 10, 1940; Remington on Bankruptcy, Fourth Edition, Section 458; In re Winship, 7 Cir., 120 F. 93. Similarly may be cited Pacific Bank v. Madera Fruit Co., .124 Cal. 525, 57 P. 462.

■ The conciliation commissioner, after a reference under Section 75 of the Bankruptcy Act, Subdivision n, 11 U.S.C. A. § 203, sub. n, has the same powers as a referee in bankruptcy, except as otherwise provided. He is a trustee of· the highest type. He may not divest himself of his obligation, parting with funds coming into his possession; without notice to all parties interested. ·

■ The respondents raise many points in their brief to support their position that the bank had no lien upon the funds, none of which have merit. Since, however, the matter will be referred back to the conciliation commissioner for further proceedings, for the guidance of the latter the main objections will be noted. The fund in question is made up from rentals from the real property covered by the deed of trust, the conditions of which have been heretofore mentioned. Under circumstances substantially similar, this is held in California to vest title in the assignee, in this case the bank. Silverstein v. Oakland Title Insurance and Guarantee Co., 122 Cal.App. 73, 9 P.2d 846. While this is a decision of the District Court of Appeal, rehearing was denied by the Supreme Court, it has the effect, and must be regarded as the decision of the highest court of California. Since property and contract rights arising in California are to be determined by the statutes and decisions of courts of last resort of that state (Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 114 A. L.R. 1487), the ruling in Silverstein v. Oakland Title Insurance and Guarantee Co., supra, is controlling on this court.

■ Since the commissioner is a judicial officer, his improper disposition of the fund over which he had control imposes no personal liability on him. Adair v. Bank of America, 303 U.S. 350, 58 S.Ct. 594, 82 L. Ed. 889.

The petition of the bank will be granted to the extent that John A. Jorgenson will be required forthwith to return to the commissioner the sum of $5,045.19 so that this money may again be in custodia legis. The commissioner will then determine who is entitled to this money on due hearing after proper notice to all parties in interest, and make his order accordingly. Any party aggrieved by the order of the commissioner will have the right to a review· of the order by the District Court pursuant to law, and to the established practice of the court. Let counsel for the bank prepare and submit the order under Rule 8 of the District Court.