HESTRES, Administrator, v. CLEMENTS et al.

It is irregular to enter judgment against a defendant, on whose behalf a demurrer is on file, without disposing of the demurrer, and a judgment so entered will be reversed on appeal.

An acceptance by plaintiff's attorney of service of a demurrer, filed by a defendant after his default has been entered, is a waiver of the default.

Appeal from the Fifth Judicial District.

Ejectment by Emile Hestres, administrator of Comstock against Thomas Brannan, Charles L. Clements, Andrew Harris, and —— Hopkins, to recover a tract of land and mesne profits.

The complaint was filed and a summons issued April 7th, 1862, and on the same day the Sheriff delivered to Clements & Harris each a copy of the summons, but without a copy of the complaint. On the 24th of April a like service was made on Hopkins, and Brannan was served with copy of summons and copy of complaint, all in San Joaquin County.  April 26th, the Clerk entered a default against Clements & Harris, and, May 8th, against Brannan. May 5th, (the 4th being Sunday) Clements and Hopkins each filed a demurrer, on each of which was indorsed an acceptance of service as follows: " Service of the within accepted May 5th, 1862. Terry & Bradford, attorneys for plaintiffs."  On the eighth of

May, the Court overruled the demurrer of Hopkins, and premising that it appeared that the other defendants had made default, entered judgment against all for possession of the premises and $2,500 damages. On the next day, the attorney for Clements and Hopkins moved, on affidavit, that the judgment be vacated, and that these defendants have leave to answer, which motion was denied, and from this order the appeal is taken.

*G. W. Tyler*, for Appellants.

*Terry & Bradford*, for Respondents.

COPE, J. delivered the opinion of the Court—NORTON, J. concurring.

The judgment in this case must be reversed for irregularity in the proceedings. When the judgment was entered there was a demurrer on file which had not been disposed of. Two of the defendants demurred separately, and the record shows that but one of the demurrers was acted upon. The other was filed after a default had been taken, but the attorneys for the plaintiffs accepted service of it, thereby waiving the default.

Judgment reversed, and cause remanded.