[S. F. No. 3100.    Department One.—May 14, 1902.]

## JOHN FLETCHER, Respondent, v. A. P. MAGINNIS, Appellant.

CHANGE OF PLACE OF TRIAL—SERVICE OF DEMURRER—FILING OF AFFIDAVIT AND DEMAND WITH DEMURRER—TIME OF APPEARING AND DEMURRING.—The mere service of a demurrer two days prior to the filing of the demurrer, with which were filed a previously served notice of motion to change the place of trial to the residence of the defendant, demand for such change and affidavit of merits does not render the filing of the latter papers too late. The defendant does not "appear and demur," within the meaning of section 396 of the Code of Civil Procedure, until he files the demurrer; and it was sufficient to file the notice, affidavit, and demand at the same time with the filing of the demurrer.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a motion to change the place of trial of an action. John Hunt, Judge.

The facts are stated in the opinion.

Garret W. McEnerney, and John S. Drum, for Appellant.

D. T. Sullivan, and W. J. Donovan, for Respondent.

GRAY, C.—The defendant appeals from an order denying his motion to change the venue from the city and county of San Francisco to the county of Los Angeles, the latter being his place of residence.

On the twenty-first day of September, 1901, the defendant served upon plaintiff a notice of motion to change place of trial, a demand for said change, and an affidavit of merits upon motion for a change of venue. Thereafter, on September 24, 1901, defendant served upon plaintiff a demurrer to the complaint. Thereafter, on September 26, 1901, defendant filed said demurrer in the court below, and with it filed therein the said notice, demand, and affidavit of merits for a change of the place of trial. Respondent contends that the motion was properly denied because the defendant demurred when he served his demurrer on September 24th, and consequently the filing of the notice, demand, and affidavit on September 26th came too late, and did not meet the requirements of section 396 of the Code of Civil Procedure, to the effect that the affidavit and demand should be filed by defendant "at the time he appears and answers or demurs." This contention cannot be upheld. Section 465 of the Code of Civil Procedure provides that "All pleadings subsequent to the complaint must be filed with the clerk." This statute is mandatory by its terms, and a pleading prepared for the purpose of filing is not a pleading in fact until it is in fact filed and made a part of the record of the case, as provided by the statute. Notwithstanding the service, if it had not been filed as directed by the statute within the time allowed to answer, it would have been the duty of the clerk, upon application of the plaintiff, to enter the default of defendant. (Code Civ. Proc., sec. 585.) A demurrer is an answer within the meaning of this section. (*Oliphant* v. *Whitney*, 34 Cal. 25.) Therefore, the mere preparation and service of the demurrer without filing did not give it the effect of a pleading in the case. The defendant did not "appear and demur" to the complaint until he filed his demurrer on September 26th; and he fully complied with said section 396 of the Code of Civil Proce-

dure, when he filed his affidavit and demand with the demurrer and at the same time. The statute requires the affidavit and demand, not when he appears merely, but "at the time he appears and answers or demurs." Therefore, the motion for a change should have been granted.

We advise that the order appealed from be reversed.

Cooper, C., and Smith, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is reversed.

Harrison, J., Garoutte, J., Van Dyke, J.