[Civ. No. 1262. Third Appellate District.—September 21, 1914.]

## MATTIE E. DAVIDSON, Petitioner, v. EUGENE D. GRAHAM, Respondent.

Judgment—Mandamus to Compel Entry of Default—Demurrer to Petition—Admission.—On demurrer to a petition for *mandamus* to compel a clerk of the superior court to enter the default of the defendant the allegations of the petition must be taken as true.

Id.—Default of Defendant—Saving by Filing of Demurrer.—A demurrer filed by the defendant in an action on a bond is an appearance and an "answer" within the meaning of the provision of section 585 of the Code of Civil Procedure, that "if no answer has been filed with the clerk of the court, within the time specified in the summons or such other time as may have been granted, the clerk, upon application of the plaintiff, must enter the default of the defendant."

Id.—Demurrer—Necessity of Disposing of Before Entry of Judgment.—It is irregular to enter a judgment against a defendant in whose behalf a demurrer has been filed, without disposing of the demurrer, and a judgment so entered will be reversed on appeal.

Id.—Entry of Default—Mandamus to Compel—When Does not Lie.—Where a stipulation is on file "that no default shall be taken against the defendant, he waiving his demurrer," and there is a doubt as to the right of the plaintiff to take a default and as to the duty of the clerk to enter it, the entry will not be compelled by *mandamus*.

Id.—Clerk Will not be Compelled to Perform Acts in Conflict with Court Orders.—If the plaintiff has been refused an order by the trial court putting the defendant in default, an appellate

court will hesitate to command the clerk to enter a default. The rule that a court will not compel parties to perform acts which will subject them to punishment or put them in conflict with the order or writ of another court, applies where a clerk is asked to perform an act that will put them in conflict with a valid order made by the same court in the same action and upon the same matter.

ID.—TRIAL ON MERITS—POLICY OF LAW TO PERMIT.—It is the policy of the law that every case should be tried upon its merits, and where it is sought to prevent this upon a showing which presents no circumstances of hardship to the party asking the relief, and the case is one where the right to the relief is doubtful, the parties should be remitted to a trial upon the merits.

APPLICATION for a Writ of Mandate to be directed to the Clerk of the Superior Court of San Joaquin County.

The facts are stated in the opinion of the court.

Webster, Webster & Blewett, for Petitioner.

A. H. Carpenter, and Walter F. Lynch, for Respondent.

CHIPMAN, P. J.—This is an application for a writ of mandate commanding defendant to enter the default of A. T. Karry in a certain action wherein Mattie E. Davidson is plaintiff and Samuel Hinckley and A. T. Karry are defendants, now pending in the superior court of San Joaquin County.

It appears from the amended petition that the action above referred to was commenced to recover judgment upon a bond, in which Hinckley and Karry were sureties, to stay execution in a certain action entitled Emanuel Gjurich, Plaintiff, *v.* Fanny Fieg, Defendant, pending in the superior court of San Joaquin County. Petitioner is assignee of the assignee of plaintiff in said action last referred to. Summons in the present action was duly served on Karry, February 13, 1913, and, on July 28, 1913, he filed therein a general demurrer and a demurrer also to the jurisdiction of the court. It further appears from the petition that, on August 18, 1913, "there was entered into and filed in said action a stipulation in the words and figures as follows, to wit: (Title of court and cause.) 'It is hereby stipulated and agreed that no default shall be taken against the defendant, A. T. Karry, he waiving his demurrer, and that the said defendant, A. T.

Karry, shall have to and inclusive of September 15, 1913, in which to file and serve his answer on the merits. Dated this 18th day of August, 1913.

　　　　　　　　" 'Webster, Webster & Blewett,
　　　　　　　　　　　　　" 'Attorneys for Plaintiff.

" 'I agree to the above stipulation:

　　　　　　　　　　　　" 'A. H. Carpenter,
　　　　　　　" 'Attorney for Defendant, A. T. Karry. .
" 'By Walter F. Lynch, Clerk.' "

The demurrer above referred to was similarly signed. It is alleged that Mr. Lynch was authorized by Mr. Carpenter to sign both the demurrer and stipulation in his name and that both were signed with the knowledge and consent of Karry. We understand that no question is now raised as to Lynch's authority to act in the matter.

It is alleged in the petition that "it was distinctly agreed and understood that by reason of the plaintiff's giving and granting to said defendant, A. T. Karry, to and inclusive of September 15, 1913, in which to file and serve his answer on the merits, the said demurrer should be and was waived and withdrawn and that no default should be taken against the defendant Karry if his answer on the merits should be filed on or before said September 15, 1913, but if said answer should not be filed on or before September 15, 1913, then such default might be taken." It is then alleged that several oral stipulations were entered into extending the time in which Karry might answer, "but no oral stipulation extended the time to later than the 30th day of November, 1913"; that, on December 1, 1913, plaintiff filed with the clerk of the court a demand as follows: "In this action the defendant, A. T. Karry, having been regularly served with process, and having failed to appear and demur or answer the plaintiff's complaint within the time prescribed by law, and stipulation, and the legal time for demurring or answering having expired, application is hereby made by the plaintiff to the clerk of said court for the entry of a default against said defendant, A. T. Karry. Dated December 4, 1913. Webster, Webster & Blewett, Attorneys for Plaintiff."

It is alleged that all legal fees were at the same time tendered said clerk but that he "refused to enter said default." It further appears that, on December 16, 1913, plaintiff served upon defendant's attorney, Carpenter, and filed a notice that

he would, on December 23, 1913, move the court "for its order that plaintiff take a judgment against the defendant A. T. Karry on the grounds that said defendant A. T. Karry has not answered to the complaint of plaintiff herein within the time allowed by law. Said motion is based and will be heard upon the records in this action including this notice of motion."

Thereafter and on the same day, to wit, December 16, 1913, defendant Karry, by his attorney, A. H. Carpenter, served and filed a general demurrer to the complaint in the action, and, on January 19, 1914, the said motion having come on to be heard, the court made an order "denying plaintiff's motion for judgment herein without prejudice, to which ruling counsel for plaintiff duly excepts."

Petitioner claims that when the demand was made upon the clerk to enter Karry's default it became the duty of the clerk, in the exercise of a mere ministerial act, to comply with the request; citing section 585 of the Code of Civil Procedure: "Judgment may be had, if the defendant fails to answer the complaint, as follows: 1. In an action arising upon contract for the recovery of money or damages only, if no answer has been filed with the clerk of the court, within the time specified in the summons or such other time as may have been granted, the clerk, upon application of the plaintiff, must enter the default of the defendant."

When the matter was here on the original petition it did not appear that said stipulation was executed by defendant Karry, nor that it was executed by Karry's attorney, but by the attorney's clerk whose authority to sign the name of the attorney was not shown. Nor did it appear that there was any oral agreement or understanding not expressed in the stipulation. The amended petition, however, alleges that the stipulation was executed with the consent of Karry, and that Mr. Lynch was authorized to execute it for Attorney Carpenter, and on demurrer to the petition we must assume this to be the fact.

The demurrer filed by Karry's attorney was an appearance and was an answer within the meaning of the provision of the code above quoted. (Code Civ. Proc., sec. 1014.) It is irregular to enter a judgment against a defendant in whose behalf a demurrer has been filed, without disposing of the

demurrer, and a judgment so entered will be reversed on appeal. (*Hestres* v. *Clements*, 21 Cal. 425.)

It is contended, however, that the effect of the stipulation waiving the demurrer was to withdraw it from the case, leaving defendant Karry with no other right than to answer within the time given him by the stipulation. In the opinion written by Mr. Justice Burnett, some doubt was expressed as to whether a demurrer could be waived, as it presents an issue of law which must be tried by the court (Code Civ. Proc., sec. 591); and there being no statutory provision for waiving a demurrer, to effectually dispose of it some order of the court might probably be required. But it was also said that, conceding the effect of the stipulation to be as claimed "it would at least appear doubtful whether according to its terms, the clerk should enter the default of defendant Karry. Therein it is provided that 'no default shall be taken against the defendant A. T. Karry.' As to this covenant, there is certainly no express limit as to time. Probably the parties signing the paper intended to provide that no default would be taken prior to September 15, 1913, but if so it should have been more clearly expressed, and it is not an unreasonable construction that, in view of the waiver of the demurrer, no default was to be taken, although there was no express agreement to extend the time to answer beyond September 15, 1913."

We venture to suggest further that it is very doubtful whether the waiver of the demurrer was intended to effect a withdrawal of defendant's appearance or whether it was anything more than an agreement not to urge it. It is quite certain that plaintiff treated defendant as having appeared by stipulating with him and filing the stipulation. And he says in his petition that he granted several other extensions of time, orally, in which to answer. However this may be, when the demand was made upon the clerk he had before him as authority for entering defendant's default nothing but this stipulation, indefinite as to its meaning and accompanied by no evidence that it was signed either by the authority of the defendant or his attorney. It is true that the amended petition shows that such authority existed and that it was agreed that unless an answer was filed by September 15, 1913, a default might be taken, but there is no averment or evidence that the clerk knew such to be the fact. He had a right to

act and the correctness of his act must be judged upon what was before him as a basis for the demand. "The right which it is sought to protect must be clearly established, and the writ is never granted in doubtful cases. The person seeking the relief must show a clear, legal right to have the thing sought by it done, and done in the manner and by the person sought to be coerced." (High's Extraordinary Legal Remedies, sec. 9.) We have seen that there was here both a doubt as to the right of the petitioner to the relief sought and the duty of the respondent to grant it.

Furthermore, inasmuch as petitioner sought an order of the trial court for the same relief in the same action and on the same facts as were before the clerk, and was refused, we should hesitate to command the clerk to do the thing which on petitioner's application the court had in effect ordered should not be done. It has been held that a court will not compel parties to perform acts which would subject them to punishment, or which would put them in conflict with the order or writ of another court. (Id., sec. 23.) The same rule should apply where a clerk is asked to perform an act when it would put him in conflict with a valid order made by the same court in the same action and upon the same matter.

It is the policy of the law that every case should be tried upon its merits, and where it is sought to prevent this upon a showing which presents no circumstances of hardship to the party asking the relief and the case is one where the right to the relief is so doubtful as it is in this case, we think the parties should be remitted to a trial upon the merits.

The peremptory writ is denied.

Hart, J., and Burnett, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 20, 1914.