[Civ. No. 5987. First Appellate District, Division Two.—April 1, 1929.]

DELLA LOUISE WAKEMAN, Executrix, etc., Respondent, v. M. GREEN, Appellant.

Robert L. Levy for Appellant.

James M. Thomas for Respondent.

STURTEVANT, J.—The plaintiff is the widow of Ernest H. Wakeman. He was an attorney at law and as such conducted certain litigation for the defendant. After the death of her husband the plaintiff, as executrix of his will, made a demand for the balance owing to her husband for services rendered and upon the defendant's refusal to pay she commenced this action. Her complaint was framed in two counts—one asking for the agreed value of the services and the other count asking for the reasonable value of the services. The defendant appeared and filed a demurrer. The demurrer was overruled and the defendant answered. A trial was had before the trial court sitting without a jury. The trial court made findings in favor of the plaintiff and the defendant has appealed under section 953a of the Code of Civil Procedure.

The defendant claims that the evidence is insufficient to justify the finding of the court that the deceased rendered the services alleged in the complaint and that such services were of the reasonable value of $2,000. The evidence was all one way on the subject of the rendition of services and there was an abundance of evidence supporting the finding as to the value of those services.

In his answer the defendant alleged that he had paid for the services rendered during the lifetime of Ernest H. Wakeman. The trial court found that that allegation was not true. At this time the defendant claims that the evidence is insufficient to support the latter finding. The contention is without merit. The burden of introducing the proof on that subject rested with the defendant. (*Melone* v. *Ruffino*, 129 Cal. 514, 519 [79 Am. St. Rep. 127, 62 Pac. 93].) The defendant was fully heard on the subject and the strongest evidence he produced was to the effect that he had

paid about $566 on a claim which amounted to nearly $3,000. The judgment was for only $2,000 and it is perfectly clear that the court did not err in making the finding.

■ The day before the trial the trial court allowed the plaintiff to amend her complaint by changing the amount of her claim from $2,500 to $7,500. The defendant attacks the order. He claims that it had the effect of allowing the plaintiff to add a new and distinct cause of action. We think it did not do so. It but changed the earmarks of the existing cause of action. Furthermore, the order was harmless. In her original pleading the plaintiff claimed $2,500. By the judgment she recovered $2,000—a sum less than that claimed in her original pleading.

■ After the plaintiff filed her amended complaint the defendant interposed a demurrer. By its terms it was not addressed to either count contained in the amended complaint, but was addressed to the entire complaint. By its language it finds fault with each count. Excepting in a demurrer to one certain count such language has no force or effect. In his brief he does not present any argument showing wherein the complaint as an entirety is defective.

■ Assuming solely for the purpose of this decision that the demurrer was properly drawn, the ruling disposing of the demurrer was not error. The point which the defendant seeks to present is this. The plaintiff's complaint contained the allegation that the money was ''due and owing.'' She did not allege that it was ''unpaid.'' After the demurrer was overruled the defendant answered and in his answer he did not deny the allegation as made but alleged affirmatively that ''there is no sum whatsoever now due or owing or unpaid by the said defendant.'' Whatever there may be in the defendant's point, after judgment or verdict, the point is without merit. (20 Cal. Jur. 950.)

■ In the demurrer it is asserted that the plaintiff's cause of action is barred by section 339 of the Code of Civil Procedure. The fact does not appear on the face of the record. In the amended complaint it is stated that the decedent rendered the services for which the plaintiff asked compensation within two years prior to June 12, 1924. However, the record does not disclose when the action was commenced. That fact is not to be found in the clerk's transcript nor in the reporter's transcript.

Finally it is claimed that the judgment is excessive. An examination of the evidence discloses that the judgment could have been for a larger sum and still within the estimates made by the witnesses who were called and examined as to the reasonable value of the services rendered.

We find no error in the record. The judgment is affirmed.

Koford, P. J., and Nourse, J., concurred.