[Civ. No. 11055. Second Appellate District, Division Two.—June 24, 1936.]

HUGH EVANS et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

744

W. L. Pollard and S. L. Kurland for Petitioners.

Olson & Olson and Richard C. Olson for Respondent.

McCOMB, J., *pro tem.*—Petitioners seek a writ of mandate to compel respondent to dismiss a certain action entitled *L. H. Booker et al.* v. *Hugh Evans & Co., a Corporation, et al.,* said action being No. 336380 in the files of respondent court.

The essential facts are undisputed. The action was filed March 3, 1932, and summons issued. March 18, 1932, a demurrer was filed to the complaint. March 24, 1932, the demurrer was overruled and defendants allowed fifteen days to answer. April 4, 1934, plaintiffs were granted permission to file an amended complaint. All defendants filed demurrers to the amended complaint. June 14, 1934, the demurrers to the complaint were sustained and plaintiffs allowed thirty days in which to file an amended complaint. April 13, 1935, plaintiffs' second amended complaint was duly served and filed. Defendants filed demurrers to the second amended complaint and on September 11, 1935, the demurrers were sustained and plaintiffs allowed thirty days in which to file a third amended complaint. October 31, 1935, plaintiffs filed their third amended complaint. Thereafter on December 20, 1935, the demurrers of defendants to the third amended complaint were sustained and plaintiffs granted leave to file a fourth amended complaint. April 9, 1936, plaintiffs filed a fourth amended complaint.

May 7, 1936, pursuant to notice duly served and filed, defendants moved to dismiss the action on the ground that section 581a of the Code of Civil Procedure had not been com-

plied with, in that no answer having been filed, plaintiff had failed for more than three years after service of summons to have a judgment entered. This motion was denied.

This is the sole question presented for our determination:

*Is a demurrer an "answer" within the meaning of the word "answer" as used in the second paragraph of section 581a of the Code of Civil Procedure?*

We are of the opinion that the word "answer" in the second paragraph of section 581a of the Code of Civil Procedure should be construed as including a demurrer. The second paragraph of section 581a reads:

"All actions, heretofore or hereafter commenced, must be dismissed by the court in which the same may be pending, on its own motion, or on the motion of any party interested therein, if summons has been served, and no *answer* has been filed, if plaintiff fails or has failed, to have judgment entered within three years after service of summons." (Italics ours.)

The purpose of this provision is to authorize a dismissal against a plaintiff who is in a position to have judgment entered but who neglects for three years after summons has been issued and no answer has been filed to obtain a judgment.

The filing of a demurrer was held to prevent the entry of a judgment when section 585 of the Code of Civil Procedure provided that, if no answer had been filed within the time specified in the summons, the clerk must enter the defendant's default and immediately enter judgment for the amount demanded. (*Oliphant v. Whitney*, 34 Cal. 25, 27; *Fletcher v. McGinnis*, 136 Cal. 362, 363 [68 Pac. 1015]; *Davidson v. Graham*, 25 Cal. App. 484, 487 [144 Pac. 147].)

The generic construction placed upon the word "answer" by our Supreme and Appellate Courts in the cases mentioned, *supra*, is the interpretation which should be given to the word "answer" in section 581a of the Code of Civil Procedure.

The trial court therefore properly denied petitioners' motion to dismiss the action.

The petition is denied and the alternative writ is dismissed.

Crail, P. J., and Wood, J., concurred.

An application by petitioners to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 20, 1936.